IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DALE L. HELMIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-4364-CV-C-NKL |
| | ) |
| CARL A. FOWLER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This lawsuit alleges Section 1983 claims arising out of the arrest and conviction of the Plaintiff, Dale Helmig, in connection with the murder of his mother, Norma Helmig. The Defendants in this case are Sheriff Carl A. Fowler; former Missouri State Highway Patrol Trooper Robert Westfall; Paul Backues; and Osage County, Missouri. Pending before the Court is Defendant Westfall's Motion to Dismiss [Doc. # 32].

**I.      Background**

On March 9, 1996, Helmig was convicted of first-degree murder in the 1993 death of his mother. After the conviction, Helmig filed several Writs of Habeas Corpus and was eventually released with conditions by the Missouri Court of Appeals, Western District. The State was ordered to either retry Helmig within 180 days of the mandate or to

1

discharge him. In response, the current Osage County Prosecutor decided Helmig would not be tried again for his mother's murder.

Helmig has brought a Section 1983 claim against several state officials involved in his arrest and conviction in the matter of Norma Helmig's murder, claiming they participated in a conspiracy to violate Helmig's constitutional rights. Defendant's Motion to Dismiss concerns the claims brought against former State Highway Trooper Robert Westfall.

Westfall was involved in the investigation of Helmig and testified against Helmig at his trial. As a part of the investigation, Westfall was brought in to question Helmig. During the questioning, Westfall told Helmig that Westfall's own mother had also passed away, which was false. Westfall then told Helmig that "his [Dale Helmig's] mother was watching him, and that if he wished, he could speak to her[.]" [Doc. # 29]. In response, Helmig began to sob and state he was sorry. At trial, the State argued Helmig's conduct during the interactions with Westfall evidenced guilt.

At trial, Westfall was called to testify against Helmig. At the end of his testimony, in response to a question, Westfall testified that Helmig never denied killing his mother. Westfall later admitted his testimony was false and that Helmig denied killing his mother immediately after being arrested. Helmig argues Westfall conspired with at least one co-coconspirator to testify falsely at Helmig's trial.

The Defendant's Motion to Dismiss contends Helmig's claim against Westfall should be dismissed for failure to state a claim or, alternatively, because Westfall has

2

absolute testimonial immunity.

## II. Discussion

### A. Standard of Review

In order to survive a motion to dismiss for failure to state a claim, a complaint "must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). Specifically, in conspiracy claims, the complaint must allege specific facts tending to show a meeting of the minds among the alleged conspirators. *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 255 (2010).

### B. Absolute Testimonial Immunity

In his Suggestions in Support of the Motion to Dismiss, Westfall asserts his testimony is protected by absolute immunity and therefore all claims against him should be dismissed. In an analogous case, the Supreme Court found § 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). The Supreme Court stated a public policy rationale for this rule of absolute immunity. If held liable for testimony, witnesses may be reluctant to testify or the witness's testimony may be distorted by fear of liability. *Id.* at 333.

The persuasive case of *Spurlock v. Satterfield,* 167 F.3d 995, 1001 (6th Cir. 1999), expanded the *Briscoe* holding by finding that the mere fact a plaintiff alleges a conspiracy

3

Case 2:11-cv-04364-NKL   Document 45   Filed 07/31/12   Page 3 of 6

to render false testimony, as opposed to alleging one person testified falsely at trial, does not abrogate the witness's right to absolute testimonial immunity no matter how egregious or perjurious the testimony.  In *Spurlock*, the defendant was a deputy sheriff who was accused of testifying falsely against the plaintiff, fabricating probable cause, and coercing an informant to testify falsely.  *Id.* at 998-1000.  While the Sixth Circuit held the defendant had absolute immunity in regard to his testimony, it also held he was not immune for the alleged non-testimonial acts of fabricating evidence and coercing an informant to testify falsely.

In response to Westfall's claim of absolute immunity, Helmig argues that, while Westfall has absolute immunity for his testimony, he does not have immunity for the non-testimonial act of conspiring to testify falsely.  [Doc. # 34].  But this argument is foreclosed by the holding in *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992), which affirmed dismissal, on grounds of absolute witness immunity, of a claim for conspiracy to give false testimony at trial.  The Fifth Circuit has explained that seven of the eight federal circuit courts that have addressed the issue, including the Eighth Circuit, "have extended absolute witness immunity" to "claims that a witness entered a pre-trial conspiracy to commit perjury."  *Mowbray v. Cameron County*, 274 F.3d 269, 277 (5th Cir. 2001).  The Court declines Helmig's invitation to abandon precedent because of the Second Circuit's contrary ruling in *San Filipo v. U.S. Trust Co.*, 737 F.2d 246, 254-55 (2d Cir. 1984).

4

Counsel for Helmig also claimed at oral argument that Helmig's case is unique and thus distinguishable from the above cases because here Westfall has admitted to testifying falsely.  But Helmig has not pointed to any reasoning in any of these cases that would no longer apply to Helmig's case because of that alleged fact.  Rather, Helmig's argument still fails under the reasoning that "a person may not be prosecuted for conspiring to commit an act that he may perform with impunity." *Mowbray*, 274 F.3d at 277 (internal quotes and alterations omitted).  For these reasons, the Court dismisses Helmig's claim that Westfall conspired to testify falsely, and does so on grounds of absolute witness immunity.

The Court does not dismiss, however, Helmig's claims against Westfall for non-testimonial acts in furtherance of the conspiracy to deprive Helmig of his constitutional rights.  Helmig alleges that Westfall participated in the non-testimonial act, in furtherance of the conspiracy to wrongfully convict Helmig, of soliciting incriminating testimony from Helmig in an investigation by lying to him and encouraging him to attempt communication with his deceased mother.  [Doc. # 1 at 16-17].  Westfall's only argument for dismissing these claims is a conclusory claim that the alleged non-testimonial acts are insufficient to create an inference of conspiracy, as required by *White v. Walsh*, 649 F.2d 560, 562 (8th Cir. 1981).  But Defendant has not pointed to any case dismissing similar allegations for failure to state a claim, and the Court is not convinced that these allegations are insufficient as a matter of law to support an inference of conspiracy, given

5

the other facts alleged in the complaint, even disregarding the evidence of the false testimony. The Court concludes that dismissal is not appropriate at this time.

### III. Conclusion

For the foregoing reasons, it is ORDERED that Defendant Westfall's Motion to Dismiss is GRANTED as to all claims for conspiracy to provide false testimony and DENIED for all remaining claims.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: July 31, 2012
Jefferson City, Missouri